■ MARIE A. PENSAVALLE et al., Respondents, v. ANNA VIVONA, Appellant. — In a negligence action to recover damages for personal injury, medical expenses and loss of services, defendant appeals from an order of the Supreme Court, Richmond County, entered September 21, 1965 on reargument, which (1) in effect granted plaintiffs' motion to vacate a preclusion order, dated June 20, 1961; and (2) granted plaintiffs leave to serve a supplemental bill of particulars so as to include an additional claimed injury and expenses with respect thereto. Order modified by striking therefrom everything following the provision granting reargument and vacating the order entered July 27, 1965 denying the original motion and by substituting therefor (1) a provision denying plaintiffs' motion to vacate the preclusion order dated June 20, 1961 and (2) a provision permitting the service of a supplemental bill of particulars alleging the matters contained in items 6 (b) and 9 of the proposed supplemental bill of particulars. As so modified, order affirmed, with $10 costs and disbursements to defendant. The matters alleged in said items 6 (b) and 9 shall be considered the supplemental bill of particulars, which shall be deemed served. Permission to serve the supplemental bill of particulars is granted on the condition that, if the defendant so desires, the plaintiff Marie Anne Pensavalle shall submit to physical and oral pretrial examinations by defendant, and shall furnish defendant with a copy of the hospital records pertaining to the alleged additional injury, upon 10 days' written notice by defendant, provided that such notice shall be served upon the attorney for plaintiffs within 30 days after

entry of the order hereon. In the event that said plaintiff shall default in submitting to such examinations and furnishing said hospital records, then upon proof of such default the order appealed from will be modified so as to provide that plaintiffs' original motion is denied *in toto*. The instant motion was made almost four years after the preclusion order was entered and the claimed additional injury was ascertained by plaintiffs. There was a complete failure to explain either the omission to comply with the conditions of the preclusion order or the long delay in making the motion to vacate it. Under such circumstances, we are of the opinion that the vacatur of the preclusion order constituted an improvident exercise of discretion (cf. *Nappi* v. *Bush Term. Bldg. Co.*, 2 A D 2d 861; *Goldstein* v. *Wickett*, 3 A D 2d 135; *Jackson* v. *Antoniac*, 13 A D 2d 837). However, we are also of the opinion that plaintiffs, in the exercise of a sound discretion, should be permitted to supplement their bill of particulars so as to allege the additional claimed injury and expenses, upon the conditions stated, in view of the uncontradicted fact that defendant's attorneys were given notice of that claim in November, 1961, shortly after the alleged injury was diagnosed by plaintiffs' physician (cf. *Overgaard* v. *Brooklyn Bus Corp.*, 257 App. Div. 829; *Chema* v. *Arundel Transfer & Stor. Co.*, 23 A D 2d 768). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.